UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MICHEL DALLEMAGNE, FRANCK
LEYZE and FERDINAND ARAGON,

                CASE NO.:   19-cv-7934

       Plaintiffs,

                **COMPLAINT**

   - against -

OMAR KHAN, SENSEI INTERNATIONAL,
LLC, INTERNATIONAL BUSINESS & WINE
SOCIETY-NYC, LLC, INTERNATIONAL
BUSINESS & WINE INTERNATIONAL-NYC,
LLC, SENSEI AMERICAS LLC, and
JOHN DOES 1-50,

       Defendants.
---------------------------------------------------------X

Plaintiffs Michel Dallemagne, Franck Leyze and Ferdinand Aragon (collectively, the "Plaintiffs"), by and through their attorneys, Law Offices of Bart J. Eagle, PLLC, for their complaint, state as follows:

## NATURE OF ACTION

1. This complaint sets forth claims for (a) breach of contract, (b) breach of fiduciary duty, (c) fraud, (d) conversion and (e) unjust enrichment.

## JURISDICTION AND VENUE

2. This court has jurisdiction over these claims by virtue of 28 U.S.C. §1332 (a) (2), 28 U.S.C. §1367 (a).

3. The claims set forth by each plaintiff derive from a common nucleus of operative facts and are part of the same case or controversy.

4. Venue is predicated upon 28 U.S.C. §1391(b)(c).

## THE PARTIES

5. Plaintiff Michel Dallemagne ("Dallemagne") is a resident of France.

6. Plaintiff Franck Leyze ("Leyze") is a resident of France.

7. Plaintiff Ferdinand Aragon ("Aragon") is a resident of Switzerland.

8. Upon information and belief, defendant Omar Khan ("Khan") is a resident of the State of New York, County of New York.

9. Upon information and belief, defendant Sensei International LLC ("Sensei International") is a limited liability company organized pursuant to the laws of the State of New York, with its principal place of business located in the County of New York, State of New York.

10. Upon information and belief, International Business & Wine Society-NYC., LLC ("IBWS-NYC") is a limited liability company organized pursuant to the laws of the State of New York, with its principal place of business located in the County of New York, State of New York.

11. Upon information and belief, International Business & Wine International-NYC., LLC ("IBWS-International ") is a limited liability company organized pursuant to the laws of the State of New York, with its principal place of business located in the County of New York, State of New York.

12. Upon information and belief, Sensei Americas LLC ("Sensei Americas") is a limited liability company organized pursuant to the laws of the State of New York, with its principal place of business located in the County of New York, State of New York.

13. Upon information and belief, Khan is the principal, operator, and sole or majority shareholder of Sensei International, IBWS-NYC, IBWS-International and Sensei Americas (collectively, the "Companies").

14. Upon information and belief, JOHN DOES 1-50 are individuals and/or entities owned, controlled and/or operated by Khan and/or some or all of the Companies.

15. Upon information and belief, IBWS-NYC, together with some or all of the other defendants, develop chapters of, and/or create events for an enterprise known as "International Business & Wine Society" ("IBWS"), including in New York City and throughout the world.

## THE FACTS

16. The IBWS enterprise represents that it is a "society that enables members to engage in both business stimulus and wine education among a community of peers – where networking is encouraged and wonderful relationships can be cultivated. Members are by invitation only, and are senior business executives and leaders."

17. IBWS represents that its evening events, which take place at leading restaurants, begin with a 15 minute business presentation, followed by a 45 minute "business immersion," followed by an "educational wine tasting that will be led by some of the top wine-makers, experts, writers, sommeliers and connoisseurs around", followed by a customized dinner.

18. Upon information and belief, in order to attend IBWS events, individuals must be "members," who were charged a nonrefundable annual membership fee, and pay separately for the particular event.

19. Beginning in or about September, 2013, in a conversation with Dallemagne, Khan solicited funds from the Plaintiffs for the purpose of creating and developing chapters of, and/or creating events for IBWS, to be owned, operated and/or managed by Khan and the other defendants in Hong Kong and London.

20. Each of the Plaintiffs had a previous relationship with Khan.

21. Khan represented, in substance, that one or more companies affiliated or otherwise connected with IBWS would be created by Khan in connection with chapter development and manager, Dallemagne and Leyze would receive "ownership interests" in the companies to be created in connection with the Hong Kong and London chapters, and Aragon would receive an "ownership interest" in the company to be created in connection with the London chapter.

22. As a further inducement to the Plaintiffs, Khan stated that he would provide the Plaintiffs, on an ongoing basis, with business plans and financial information concerning the companies he would be creating in connection with the Hong Kong and London chapters.

23. The aforementioned representations were made by Khan with the intention of inducing each of the Plaintiffs to provide funds to him and the Companies.

24. As a result of the foregoing representations, each of the Plaintiffs provided funds to Khan as follows:

    (a) Dallemagne – beginning on or about September-October, 2013, the aggregate sum of $100,000.00;

    (b) Leyze – beginning on or about September 16, 2013, in the aggregate sum of $90,000.00; and

4

(c) Aragon –on or about January 29, 2014, the sum of $50,000.00.

25. Each of the Plaintiffs transmitted payment of their funds to Sensei International, as directed by Khan.

26. In consideration of the funds provided by each of the Plaintiffs to Khan and the Companies, Khan and the Companies agreed that one or more companies affiliated or otherwise connected with IBWS would be created by Khan in connection with chapter development and management, Dallemagne and Leyze would receive "ownership interests" in the companies to be created in connection with the Hong Kong and London chapters, and Aragon would receive an "ownership interest" in the company to be created in connection with the London chapter; that their funds would be used for the establishment of the Hong Kong and London chapters; that each of the Plaintiff's would receive a percentage profit participation and receive distribution of profits.

27. Upon information and belief, no company was created in connection with the Hong Kong and/or London chapters.

28. Upon information and belief, Kahn and the Companies never intended to create and develop the Hong Kong and London chapters, or Khan and the companies abandoned the creation and development of the Hong Kong and London chapters.

29. The business plans and financial information for the Hong Kong and London chapters and the companies that were to have been created in connection therewith, which had been promised to the Plaintiffs and were repeatedly requested of Khan by the Plaintiffs, were never provided to the Plaintiffs.

30. Upon information and belief, the money provided to Khan and the Companies by the Plaintiffs was used by Khan and the Companies for purposes other

than that for which it was provided, including to support Khan's personal lifestyle and satisfy other obligations.

31. In or about September, 2017, Khan met with Dallemagne and claimed to have secured two new investors who would provide substantial, new funds to IBWS.

32. In or about September, 2017, Khan and the Companies agreed to repay the Plaintiffs the funds that each had provided, plus a "bonus."

33. The aforementioned promise to repay the Plaintiffs was repeated by Khan, numerous times, to each of the Plaintiffs, in writing.

34. On numerous occasions, Khan made promises to the Plaintiffs to repay the Plaintiffs by a certain date.

35. Notwithstanding the foregoing promises, Khan provided numerous and changing "reasons for delay," the result of which is that only portions of the principal amounts paid by each of the Plaintiffs, to Khan and the Companies, have been repaid and no bonuses have been paid.

36. The unpaid amounts due to each of the Plaintiffs, not including interest or the promised "bonus" are: $84,000.00 to Dallemagne, $75,000.00 to Leyze, and $20,000.00 to Aragon.

37. The defendants have refused to pay the unpaid amounts due to each of the Plaintiffs, despite due demand therefor.

## **AS AND FOR A FIRST CLAIM**

### **(Breach of Contract – Dallemagne)**

38. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

39. As a result of the foregoing, the defendants breached their agreement with Dallemagne as described above.

40. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A SECOND CLAIM

### (Breach of Contract – Leyze)

41. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

42. As a result of the foregoing, the defendants breached their agreement with Leyze as described above.

43. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A THIRD CLAIM

### (Breach of Contract – Aragon)

44. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

45. As a result of the foregoing, the defendants breached their agreement with Aragon as described above.

46. As a result of the foregoing, Aragon has suffered damages in the sum of

$20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A FOURTH CLAIM

### (Breach of Fiduciary Duty – Dallemagne)

47. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

48. Khan, as the officer and sole or controlling member of each of the Companies, owed a fiduciary obligation to each of the Plaintiffs.

49. Khan breached his fiduciary obligation to the Plaintiffs.

50. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A FIFTH CLAIM

### (Breach of Fiduciary Duty – Leyze)

51. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

52. Khan, as the officer and sole or controlling member of each of the Companies, owed a fiduciary obligation to each of the Plaintiffs.

53. Khan breached his fiduciary obligation to the Plaintiffs.

54. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A SIXTH CLAIM

### (Breach of Fiduciary Duty –Aragon)

55. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

56. Khan, as the officer and sole or controlling member of each of the Companies, owed a fiduciary obligation to each of the Plaintiffs.

57. Khan breached his fiduciary obligation to the Plaintiffs.

58. As a result of the foregoing, Aragon has suffered damages in the sum of $20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A SEVENTH CLAIM

### (Fraud – Dallemagne)

59. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

60. Upon information and belief, the aforementioned representations of Khan were false, were known by Khan to be false, and were made by Khan with the intention of inducing the Plaintiffs to provide funds to Khan and the Companies.

61. The Plaintiffs believed the aforementioned representations made to them by Khan to be true.

62. The Plaintiffs relied on the aforementioned representations made to them by Khan to be true and would not have provided funds to Khan and the Companies but for the representations as set forth above.

63. Upon information and belief, Khan made the aforementioned representations without the intention of creating one or more companies affiliated or otherwise connected with IBWS in connection with chapter development and management, providing "ownership interests" to Dallemagne and Leyze in the companies promised to be created in connection with the Hong Kong and London

chapters, and providing an "ownership interest" to Aragon in the company promised to be created in connection with the London chapter.

64. Upon information and belief, Khan made the aforementioned representations without the intention of providing the Plaintiffs, on an ongoing basis, with business plans and financial information concerning the companies he represented he would be creating and connection with the Hong Kong and London chapters.

65. At the time the defendants were negotiating the agreements with the Plaintiffs, the defendants did not intend to perform their obligations under the agreements pursuant to the terms thereof.

66. At the time the Plaintiffs and defendants entered into the agreements, the defendants did not intend to perform their obligations under the agreements pursuant to the terms thereof.

67. As a result of the foregoing, the defendants fraudulently induced the Plaintiffs to enter into the agreements.

68. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR AN EIGHTH CLAIM

### (Fraud – Leyze)

69. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37, and 60 through 67 above, as if more particularly set forth at length herein.

70. As a result of the foregoing, the defendants fraudulently induced the Plaintiffs to enter into the agreements.

71. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A NINTH CLAIM

### (Fraud – Aragon)

72. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37, and 60 through 67 above, as if more particularly set forth at length herein.

73. As a result of the foregoing, the defendants fraudulently induced the Plaintiffs to enter into the agreements.

74. As a result of the foregoing, Aragon has suffered damages in the sum of $20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A TENTH CLAIM

### (Conversion - Dallemagne)

75. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

76. As a result of the foregoing, the defendants have converted funds provided to them by the Plaintiffs.

77. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR AN ELEVENTH CLAIM

### (Conversion - Leyze)

78. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

79. As a result of the foregoing, the defendants have converted funds provided to them by the Plaintiffs.

80. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A TWELFTH CLAIM

### (Conversion - Aragon)

81. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

82. As a result of the foregoing, the defendants have converted funds provided to them by the Plaintiffs.

83. As a result of the foregoing, Aragon has suffered damages in the sum of $20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A THIRTEENTH CLAIM

### (Unjust Enrichment – Dallemagne)

84. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

85. As a result of the foregoing, the defendants have been unjustly enriched.

86. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A FOURTEENTH CLAIM

### (Unjust Enrichment – Leyze)

87. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

88. As a result of the foregoing, the defendants have been unjustly enriched.

89. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A FIFTEENTH CLAIM

### (Unjust Enrichment – Aragon)

90. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

91. As a result of the foregoing, the defendants have been unjustly enriched.

92. As a result of the foregoing, Aragon has suffered damages in the sum of $20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A SIXTEENTH CLAIM

### (Breach of Contract – Dallemagne)

93. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

94. The defendants have breached their agreement to repay the Plaintiffs the funds that each had provided to them, plus a "bonus."

95. As a result of the foregoing, Dallemagne has suffered damages in the sum of $84,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR A SEVENTEENTH CLAIM

### (Breach of Contract – Leyze)

96. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

97. The defendants have breached their agreement to repay the Plaintiffs the funds that each had provided to them, plus a "bonus."

98. As a result of the foregoing, Leyze has suffered damages in the sum of $75,000.00, plus the "bonus" in an amount to be determined at trial and interest.

## AS AND FOR AN EIGHTEENTH CLAIM

### (Breach of Contract – Aragon)

99. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in ¶¶1 through 37 above, as if more particularly set forth at length herein.

100. The defendants have breached their agreement to repay the Plaintiffs the funds that each had provided to them, plus a "bonus."

101. As a result of the foregoing, Aragon has suffered damages in the sum of $20,000.00, plus the "bonus" in an amount to be determined at trial and interest.

**WHEREFORE**, the Plaintiffs demand judgment against the defendants as follows:

(a) on the first, fourth, seventh, tenth, thirteenth and sixteenth claims, awarding damages to Dallemagne in the sum of $84,000.00, plus interest and the "bonus" in an amount to be determined at trial;

(b) on the second, fifth, eighth, eleventh, fourteenth and seventeeth claims, awarding damages to Leyze in the sum of $75,000.00, plus interest and the "bonus" in an amount to be determined at trial;

(c) on the third, sixth, ninth, twelfth, fifteenth and eighteenth claims, to Aragon in the sum of $20,000.00, plus interest and the "bonus" in an amount to be determined at trial; and

14

(d) interest, costs, and such other and further relief as to the court seems just and proper.

## **JURY DEMAND**

Pursuant to Fed R. Civ. P. 38(b), the plaintiffs demand a trial by jury.

.

        **LAW OFFICES OF BART J. EAGLE , PLLC**

        /s/Bart J. Eagle
        By:  Bart J. Eagle, Esq. (BJE-6634)
        (A Member of the Firm)
        Attorneys for the Plaintiffs
        1700Broadway, 41st Floor
        New York, New York  10019
        (212) 586-0052)